# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17 cv 107

| | |
|---|---|
| **ROBERT LAMAR OWENS JR.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**NANCY A. BERRYHILL,** )<br>*Acting Commissioner of Social Security*, )<br>)<br>**Defendant.** )<br>_____ ) | **ORDER** |

This matter is before the Court on Plaintiff's Motion for Remand [# 10] and the parties cross-Motions for Summary Judgment [# 13, # 17]. Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying his claim for disability benefits. The issues have been fully briefed, and the matter is ripe for ruling. For the reasons below, the Court will grant the Commissioner's Motion for Summary Judgment [# 17] and deny the Plaintiff's Motion for Remand [# 10] and Motion Summary Judgment [# 10].

## I. Procedural Background

On February 5, 2014, Plaintiff protectively filed applications for a period of disability, disability insurance benefits, and supplemental security income. (T. 29)[1] Plaintiff alleged a disability onset date of November 30, 2010. (T. 29) On April 7, 2014,

---

[1] "T." followed by a number refers to the page number(s) of the transcript of the administrative record [# 8-1].

the Social Security Administration initially denied Plaintiff's claims. (T. 29) On August 6, 2014, Plaintiff's claims were denied upon reconsideration. (T. 29) On September 19, 2014, Plaintiff filed a written request for a hearing. (T. 29)

On January 6, 2016, a video hearing was held before an Administrative Law Judge ("ALJ") in Kingsport, Tennessee. (T. 29) Plaintiff, with his attorney Derrick Bailey, appeared via video in Asheville, North Carolina. (T. 29) On January 26, 2016, the ALJ issued a decision finding that Plaintiff was not disabled from February 5, 2014, through the date of the decision. (T. 41) Plaintiff requested review of the ALJ's decision. (T. 25) The Appeals Council denied Plaintiff's request for review. (T. 6–11) On April 18, 2017, Plaintiff filed this action seeking review of the Commissioner's final decision. [*See* Compl. # 1].

## II.     Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *accord* Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Under the five-step evaluation, the Commissioner must consider each of the following in sequence: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently

severe to meet or exceed the severity of one or more of the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920; Johnson, 434 F.3d at 653 n.1.; Mastro, 270 F.3d at 177.

At the first two steps of the sequential evaluation, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process ends. Mascio v. Colvin, 780 F.3d 632, 634–35 (4th Cir. 2015).

The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and thereby establish disability. Monroe, 826 F.3d at 179. If the claimant fails to satisfy his or her burden at step three, the ALJ must still, however, determine the claimant's residual functional capacity ("RFC"). Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four to determine whether the claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not capable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant can perform other work that exists in significant numbers in the

national economy considering the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five using the testimony of a vocational expert ("VE"), who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that the claimant is not disabled and deny the application for disability benefits. Id.

## III. The ALJ's Decision

In the January 21, 2016, decision, the ALJ concluded that Plaintiff was not disabled under Sections 216(i), 233(d), and 1614(a)(3)(A) of the Social Security Act. (T. 29) In support of this conclusion, the ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

(2) The claimant has not engaged in substantial gainful activity since November 30, 2010, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*).

(3) The claimant has the following severe impairments: a left knee disorder; hernias; depression; anxiety-related disorders; and a history of substance abuse (20 C.F.R. §§ 404.1520(c), 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with occasional postural activities; unlimited balancing; occasional

pushing/pulling with both upper extremities; occasional use of foot controls with both lower extremities; avoid concentrated exposure to hazards; limited to simple, routine, repetitive work; frequent contact with co-workers and supervisors; and no public contact.

(6) The claimant is unable to perform past relevant work (20 C.F.R. §§ 404.1565, 416.965).

(7) The claimant was born on May 3, 1966 and was 44 years old, which is defined as a younger individual age 18–49, on the on the alleged disability onset date (20 C.F.R. 404.1563 and 416.963).

(8) The claimant has at least a high school education and is able to communicate in English (20 C.F.R. 404.1564 and 416.964).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* S.S.R. 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 404.1569, 404.1569(a), 416.969, and 416.969(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from November 30, 2010, through the date of this decision (20 C.F.R. 404.1520(g) and 416.920 (g)).

(T. 31–41)

### IV. Standards of Review

Motion for Remand Pursuant to Sentence Six. Title 42 U.S.C. § 405(g) sentence six states:

> The court may . . . at any time order additional evidence to be taken before the Commission of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]

Thus, a reviewing court may remand to the Commissioner on the basis of new evidence when the following perquisites are met: (1) the evidence is relevant to the disability determination at the time the application was first filed; (2) the evidence is material to the extent that the Commissioner's decision quite possibly could have been different if he had the evidence before him; (3) there is good cause for the claimant's failure to submit the new evidence when the claim was before the Commissioner; and (4) the claimant has made at least a general showing of the nature of the new evidence. 42 U.S.C. § 405(g); Finney v. Colvin, 637 F. App'x 711, 715–16 (4th Cir. 2016); Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983).

Motion for Summary Judgment. Title 42 U.S.C. § 405(g) provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); *accord* Monroe, 826 F.3d at 186. "Substantial evidence is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion."" Craig, 76 F.3d at 589 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether

Plaintiff is disabled but, whether the Commissioner's decision that he or she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V.  **Discussion**

   A.  **Plaintiff's Motion for Remand Based on New and Material Evidence Does Not Warrant Remand.**

Plaintiff argues a sentence six remand is warranted because he has provided new and material evidence. First, Plaintiff has not provided any actual new evidence. Rather, Plaintiff has alleged: (1) he was hospitalized in April 2017 for mental illness; and (2) Plaintiff has continued his treatment at October Road. [# 11 p. 4].

Second, Plaintiff's alleged new evidence is from time after the time the application was first filed (and after the Appeals Council's decision). [# 11, p.4]. The Court reiterates that a plaintiff must demonstrate that the evidence is relevant to the disability determination *at the time the application was first filed*. Plaintiff does not offer any analysis.

For these reasons, the Court will deny Plaintiff's Motion for Remand [# 10].

   B.  **The ALJ Properly Evaluated the Opinion Evidence.**

Plaintiff argues that the ALJ erred by according great weight to some parts of Dr. Andrea Sinclair's opinion and little weight to other parts. Plaintiff argues it is either all or nothing. [# 14 p. 8]. The Court disagrees.

Plaintiff's claim centers around the ALJ's assessment of Dr. Sinclair's consultative psychological evaluation. Plaintiff takes issue with the following:

> The [ALJ] gives great weight to the opinions that the claimant could understand, retain and follow instructions that is supported by the fact that

the claimant maintained employment with one employer for seven years, and that he experienced anxiety when out in public; however, the [ALJ] gives little weight to the opinion that the claimant would have difficulty tolerating extended work stressors and demands, and he would likely have difficulty adjusting to a work environment and schedule due to anxiety issues as this opinion is not well supported by medically acceptable clinical findings and is based heavily upon the claimant's self-reports.

(T. 37)

The Regulations provide as follows with respect to the Social Security Administration's criteria for evaluating opinion evidence:

> Evidence that you submit or that we obtain may contain medical opinions. Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite your impairment(s), and your physical or mental restrictions.

20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). The Regulations direct that the ALJ must analyze and weigh the evidence of record with the following factors taken into consideration: (1) length of treatment relationship and frequency of evaluation, (2) nature and extent of the treatment relationship, (3) supportability, (4) consistency, (5) specialization, and (6) various other factors. 20 C.F.R. §§ 404.1527(c)(2)–(6), 416.927(c)(2)–(6); *see* Cohen v. Berryhill, 272 Fed. Supp. 3d 779, 781 (D.S.C. 2017). As a general rule, more weight is given to a medical professional who examines a claimant, as opposed to a non-examining source. 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1); *see* Patterson v. Colvin, No. 5:12-CV-063-RLV-DCK, 2013 WL 3035792, at *4 (W.D.N.C. June 17, 2013).

The Court finds Plaintiff's failure to cite law regarding his all-or-nothing position

to be telling. While ALJs are required to evaluate opinion evidence, they are not required to do so in a vacuum. Rather, an ALJ can accord more weight to parts of an opinion that are supported by other medical evidence and give less weight to parts only supported by a claimant's less credible testimony. In fact, that's at the heart of an ALJ's job. The Court finds the ALJ's opinion to be thorough, detailed, and nuanced. (T. 37)

The ALJ's rationales for affording great weight to some parts of Dr. Sinclair's opinion and little weight to other parts complies with the Regulations. Accordingly, the Court finds that the Commissioner is entitled to summary judgment on this issue.

### C. The ALJ properly determined Plaintiff's RFC

Plaintiff's RFC 'arguments' are really one argument: the ALJ ignored or did not believe all of Plaintiff's testimony, including Plaintiff's testimony on back pain, hernia pain, sleep apnea and insomnia, activities of daily living, and that Plaintiff returned to work but lasted only one day. Plaintiff argues that while the ALJ stated he considered Plaintiff's testimony, the ALJ did not explicitly discuss the actual testimony and that is reversible error. [# 14 p. 5]. The Court disagrees.

RFC is defined as "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). Social Security Ruling ("SSR") 96-8p provides that the ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." Monroe, 826 F.3d at 189 (quoting SSR 96-8p). In formulating a RFC, the ALJ is not required to discuss each and every piece of evidence. See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865–66 (4th Cir.

9

2014). The ALJ is, however, required to build a logical bridge from the relevant medical and other evidence of record to his conclusion. Monroe, 826 F.3d at 189; 20 C.F.R. § 404.1545; *see also* Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000). With respect to the function-by-function analysis, "[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his other work-related abilities on a function-by-function basis." SSR 96-8p, 1996 WL 374184, at *1.

"[T]he ALJ is exclusively responsible for determining an individual's RFC." Wilder v. Berryhill, No. 5:17-CV-9-GCM, 2018 WL 1004854, at *3 (W.D.N.C. Feb. 21, 2018) (citing 20 C.F.R §§ 404.1546(c), 416.946(c)). "However, it is the claimant's burden to establish her RFC by demonstrating how those impairments impact her functioning." Greer v. Colvin, No. 1:16-CV-397-DSC, 2017 WL 3090275, at *2 (W.D.N.C. July 20, 2017) (citing 20 C.F.R. §§ 404.1512(c), 416.912(c)). In considering a claimant's allegations of pain, an ALJ "need not accept[] [the allegations] to the extent they are inconsistent with the available evidence." Craig, 76 F.3d at 595.[2]

---

[2] [The ALJ] will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and [the ALJ] will evaluate your statements <u>in relation to the objective medical evidence and other evidence</u>, in reaching a conclusion as to whether you are disabled. [The ALJ] will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your medical sources or other persons about how your symptoms affect you. Your symptoms, including pain, will be determined to diminish your capacity for basic work activities to the extent that your alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted <u>as consistent with the objective medical evidence and other evidence</u>.

20 C.F.R. § 404.1529(c)(4) (emphasis added); 20 C.F.R. § 416.929(c)(4).

While an ALJ is required to consider a claimant's testimony, an ALJ was not bound by it. In this case, the ALJ did not explicitly go through each of Plaintiff's subjective allegations of pain. Nonetheless, the ALJ gave some examples and ample reason why he chose not to credit all or most of Plaintiff's testimony. (T. 33–39) Thus, the Court finds a 'logical bridge' from the relevant medical and other evidence of record to the ALJ's conclusion.

The Court finds that the ALJ properly considered Plaintiff's testimony. The ALJ's report discusses the reasons for finding Plaintiff's "limitations are credible only to the extent that they are consistent with the established [RFC]"—including inconsistencies between Plaintiff's alleged symptoms and the record. (T. 39) Accordingly, the ALJ did not err.

<u>Non-testimonial evidence</u>. Plaintiff further argues that the ALJ did not explicitly consider that Plaintiff received ineffective treatment from RHA Health Services Care. It is not the job of the ALJ to evaluate the type of care a claimant receives. The ALJ's duty is to evaluate evidence and determine whether Plaintiff is disabled. To that end, the ALJ in this case explicitly considered Plaintiff's entire medical record. (T. 34–40) Thus, the Court

---

> The ALJ will assess your residual functional capacity based on <u>all of the relevant medical and other evidence</u> . . . [The ALJ] will consider any statements about what you can still do that have been provided by medical sources, whether or not they are based on formal medical examinations. (See § 404.1513.) [The ALJ] will also consider descriptions and observations of your limitations from your impairment(s), including limitations that result from your symptoms, such as pain, provided by you, your family, neighbors, friends, or other persons.

20 C.F.R. § 404.1545(a)(3) (emphasis added); 20 C.F.R. § 416.945(a)(3).

finds the ALJ did not err by not discussing the 'ineffective' treatment Plaintiff received at the RHA.

### D. The ALJ properly relied on the Vocational Expert

Plaintiff argues the specific jobs given by the VE are outside Plaintiff's abilities. Plaintiff's argument, however, is couched in another—the argument the Court just previously discussed above. For Plaintiff's argument to hold merit, the ALJ would have had to erred in his assessment of the RFC. Thus, Plaintiff's argument fails because the Court has already determined the ALJ did not err in his assessment of the RFC.

The ALJ assessed the RFC—including considering Plaintiff's allegations of symptoms—and the Court found substantial evidence supports this. Therefore, the ALJ did not err when he failed to include Plaintiff's non-credible impairments in his questions to the VE. Bryant v. Astrue, No. 7:06-CV-151-FL, 2008 WL 2037421, at *11 (E.D.N.C. May 12, 2008) ("If the ALJ does not believe that the plaintiff suffers from one or more claimed impairment—and if substantial evidence supports that conclusion—then the ALJ is not required to include those impairments in his questioning of the VE."); *see* Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir. 2005). Accordingly, the Court finds no error and that the Commissioner is entitled to summary judgment on this issue.

## VI. Conclusion

The Court **DENIES** Plaintiff's Motion for Remand [# 10] and Plaintiff's Motion for Summary Judgment [# 13]. The Court **GRANTS** the Commissioner's Motion for Summary Judgment [# 17].

Signed: July 28, 2018

Dennis L. Howell
United States Magistrate Judge